E-FILED
Wednesday, 29 January, 2020  03:39:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARMANE SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 20-cv-3020 |
| FOCUS MOVING SOLUTIONS, LLC, | ) |
| Defendant. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2). Plaintiff has not paid the filing fee but has filed an affidavit demonstrating she is unable to prepay fees or costs associated with filing this action. Therefore, the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is GRANTED.

This Court must dismiss any case brought in forma pauperis if the case fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff lacks standing to bring this claim, the Complaint is dismissed without prejudice.

# I. FACTUAL ALLEGATIONS

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted). The following facts come from the Complaint.

Plaintiff named as a Defendant in this case Focus Moving Solutions, LLC. She alleges that this Court has jurisdiction based on federal question and pursuant to 49 C.F.R. § 1005, which governs filing a claim with the Surface Transportation Board of the United States. See d/e 1, p. 1 of 3. Additionally, Plaintiff claims that she is domiciled in the State of Tennessee and Focus Moving Solutions, LLC, is incorporated and has its principal place of business in the State of Illinois. See id.

In her Complaint, Plaintiff stated only three facts. See d/e 1. She alleges that "Big League Movers moved furniture for [her] mother from her old address to her new home on October 8, 2019[,] between 10:00 a.m. [and] 5:00 p.m." See id. The mover broke a

$300.00 lamp and did not offer a damage claim form. See d/e 1, p. 2 of 3. Lastly, "Defendant Focus Moving Solutions, [LLC] failed to provide Restitution or Compensation after receiving a Complaint Letter and a Claim Form." See id.

Plaintiff seeks compensatory damages of $1,800.00 plus costs and fees. She listed the following claims that she is pursuing: breach of contract, tort, strict liability, negligence, property damage, and third-party standing. See id.

## II. ANALYSIS

Plaintiff does not have standing to bring this claim. A federal court's jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing. U.S. Const. art. III, § 2; Johnson v. U.S. Office of Pers. Mgmt., 783 F.3d 655, 660 (7th Cir. 2015). A plaintiff establishes standing by showing (1) that she suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that a favorable decision will redress the injury. Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 289 (7th Cir. 2016). A plaintiff generally must assert her own legal rights and interests

and cannot rest her claim to relief on the legal rights or interests of third parties. Swanson v. City of Chetek, 719 F.3d 780, 783 (7th Cir. 2013). Here, Plaintiff alleges that Big League Movers moved furniture for her mother, and during the move, a lamp was damaged. As written, it appears that the lamp is property of her mother. Plaintiff does not allege that she suffered any injury from the alleged conduct by Defendant.

The Court also notes that it does not have jurisdiction over this case. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To invoke jurisdiction under § 1331, Plaintiff must bring a claim arising under federal law. Plaintiff has not alleged a claim that involves a federal question.

Additionally, Plaintiff has sued Focus Moving Solutions, LLC. Plaintiff alleges that it is Big League Movers who moved the furniture for her mother. Based on the Complaint, Plaintiff has not alleged any actions that caused her injury on behalf of Focus Moving Solutions, LLC besides the fact that it "failed to provide restitution or compensation after receiving a Complaint Letter and a

Claim Form." Plaintiff has failed to state of cause of action against Focus Moving Solutions, LLC.

Therefore, the Court dismisses this case without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED THAT:**

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is GRANTED.

(2) This case is DISMISSED without prejudice for lack of standing.

(3) Because amendment would be futile, the Clerk is DIRECTED to close this case.

**ENTERED: January 29, 2020**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**